No. 10,584.

WALKER v. KNIGHT-CAMPBELL MUSIC CO.

Decided April 2, 1923.

Action on contract for purchase of a piano. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  SALES—*Conditional Delivery.* Defendant entered into a written contract for the purchase of a particular piano from plaintiff, with the oral condition that if the instrument should not be satisfactory to his wife, he might select any other in plaintiff's stock. The wife declined to accept any piano. Defendant thereupon attempted to rescind the order, and refused to carry out the contract. A judgment for plaintiff for the purchase price, is affirmed.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. L. J. STARK, Mr. JOHN W. SLEEPER, for plaintiff in error.

Mr. EVERETT OWENS, Mr. WM. J. MILES, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE parties hereto appeared in reverse order in the trial court and are hereinafter designated as there.

Plaintiff brought this action June 6, 1922, against defendant to recover on the latter's promissory note for $2171.35 and interest. The cause was tried to the court without a jury. The findings were general, in favor of plaintiff, and to review a judgment thereupon entered for

the full amount, defendant prosecutes this writ and asks that it be made a supersedeas. The cause having been fully argued and the briefs printed, it is finally disposed of on this application.

The writing sued upon, hereinafter referred to as "A", is a combination note, contract and mortgage. It provides for twenty-five monthly payments, the first due and payable March 25, 1922, (the date of the instrument) $300.00, the last March 25, 1924 $31.35; each of the others $80.00. According to "A" these payments are for the purchase price of a "piano player" (fully described) and hereinafter referred to as a "piano." By the same instrument a lien is created on the piano in favor of plaintiff which, in case of default in any payment, is authorized to declare the entire sum due, and defendant contracts to keep the piano insured in the name of plaintiff.

The answer admits the execution and delivery of "A" but alleges want of consideration; cancellation and rescission on March 27, 1922; execution and delivery upon condition and failure of the condition; that the writing was procured upon false and fraudulent representations; and plaintiff's failure to deliver the piano to defendant, its sale thereof to another and appropriation of the proceeds.

The record before us discloses no evidence in support of any of these defenses save conditional delivery. Of the five assignments of error the first three are general, the fourth raises the question of the correctness of the amount of the judgment, and the fifth the question of conditional delivery. All the evidence supports the judgment as to amount.

Defendant went to plaintiff's place of business (unaccompanied by his wife) on Saturday, March 25, there selected the piano described in the note, signed and delivered "A", and directed the delivery of the piano at his home on the Monday following. His present position is thus stated in the reply brief of his counsel:

"The contention of plaintiff in error may be re-stated thus: There is no contract of purchase and sale, either

executed or executory, between the parties, because it is disclosed by the evidence produced on behalf of the Music Company that Walker was not to buy any piano which would not be satisfactory to Mrs. Walker. The parties never agreed upon the sale or purchase of any particular piano."

All the evidence is to the effect that the piano described in "A" was agreed upon and purchased by defendant; that at the same place, and during the same visit, it was orally argeed between the parties that if the piano should be unsatisfactory to Mrs. Walker, defendant might select in lieu thereof any other piano in plaintiff's stock and have credited upon the purchase price thereof 'all payments theretofore made. Whether this oral contract was made after the execution and delivery of "A", and separate and apart therefrom, or whether it was made prior to such execution and delivery and as a part of "A", is not clear from the evidence, is not specifically found by the court, and is here immaterial. It is undisputed in the evidence that if any condition was attached to this transaction it was the condition of exchange above mentioned.

It is furthermore established by the evidence, and undisputed therein, that on the date of the transaction plaintiff made the $300.00 payment by check; that he made no other payments; that upon his return to his home he informed his wife of the purchase; and that she refused to acquiesce, declined to inspect the piano, to permit of its delivery, to select any other in lieu thereof, or to go to plaintiff's place of business. Defendant thereupon stopped payment on his check, ordered that the piano be not delivered, refused to select another in lieu thereof, and sought to close the transaetion by simply "rescinding the order." It further appears from the evidence that plaintiff stood always ready, willing and able to deliver to defendant the piano described in "A", or permit him to select any other instrument in lieu thereof.

The only condition therefore attached to this entire transaction was an option granted to defendant, which

option he absolutely refused to exercise. Under such circumstances the correctness of the judgment is too clear to require the citation of authority and too self-evident to admit of discussion. That judgment is accordingly affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN concur.